# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK L. JOHNSON, <br><br> Petitioner, <br><br> v. <br><br> SUPERIOR COURT, etc., et al., <br><br> Respondents. | Case No. CV 18-1741-GW (JEM) <br><br> ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

On February 23, 2018, Derrick L. Johnson ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). For the reasons set forth below, the Petition should be dismissed with prejudice.

**PETITIONER'S CLAIM**

Petitioner claims that he was subject to an illegal search and seizure in violation of the Fourth Amendment. (Petition at 1.) Specifically, Petitioner alleges that on August 4, 2015, he was arrested pursuant to an invalid arrest warrant. (Id. at 1-2.) On December 9, 2015, Petitioner was sentenced to a term of four years in state prison. (Id. at 2.) Petitioner seeks release from state prison and other remedies. (Id. at 2-3.)

**DISCUSSION**

**I.    Duty to Screen**

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of

the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2.

## II. **Petitioner Has Failed to State a Cognizable Habeas Claim**

Petitioner claims that his Fourth Amendment rights were violated when he was arrested pursuant to an invalid warrant. (Petition at 1-2.) In Stone v. Powell, 428 U.S. 465, 494 (1975), the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." In other words, "[a] Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court." Ortiz–Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir.1996). "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." Id.

California provides criminal defendants with a full and fair opportunity to litigate their Fourth Amendment claims by filing motions to suppress under Cal. Penal Code § 1385.5. See Gordon v. Duran, 895 F.2d 610, 613-14 (9th Cir. 1990). Whether Petitioner brought such a motion is irrelevant. Because California provided him with a full and fair opportunity to do so, he cannot now litigate the issue in a federal habeas proceeding. The doctrine of Stone v. Powell bars his Fourth Amendment claim.

## III. **A Certificate of Appealability Is Denied**

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." For the aforementioned reasons, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability is denied.

**ORDER**

Based on the foregoing, IT IS ORDERED THAT: (1) the Petition is dismissed with prejudice; and (2) a certificate of appealability is denied.

DATED: March 28, 2018

GEORGE H. WU
UNITED STATES DISTRICT JUDGE